[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus action wherein the petitioner alleges that his guilty plea and subsequent conviction were the result of ineffective assistance of counsel and that, therefore, his plea was not knowingly and voluntarily entered. Count two: of the petition was withdrawn previously.
On March 3, 1989, the plaintiff pled guilty to possession of narcotics with intent to sell by a non-drug-dependent person, a violation of Connecticut General Statutes Section 21a-278(b). The plea was entered as part of a negotiated plea arrangement whereby the prosecution would recommend a sentence on that charge of six years to serve (Petitioner's Exhibit A). On September 1, 1989, the petitioner was sentenced in accordance with that agreement (Petitioner's Exhibit B, p. 5). In addition, he was sentenced to two years concurrent for a violation of probation, and the prosecutor nolled a larceny first degree charge which was then pending against the petitioner (Petitioner's Exhibit B, pp. 5 and 6).
CT Page 8939 The essence of the petitioner's claims is that his special public defender, Attorney Albert Vasko, misadvised the petitioner as to the likelihood of early release. The petitioner testified that when he inquired as to this possibility, before he decided to plead guilty, Attorney Vasko shrugged his shoulders. The petitioner then asked about "supervised home release" (SHR) now called "approved community residence," and Attorney Vasko told him that prisoners were serving about forty days for each year of their sentence. The petitioner opined that for a six year sentence that would amount to being in jail for six to nine months, and Attorney Vasko said "That's about right." He further testified that, but for this information, he would not have pled guilty.
Because a conviction of Connecticut General Statutes Section 21a-278(b) carries with it a mandatory, nonsuspendable five year jail sentence, the petitioner is not eligible for SHR, P.A. 89-383, Section 13, now Connecticut General Statute Section 18-100b(a).
Attorney Vasko, on the other hand, testified that he told the petitioner that a Section 21a-278(b) conviction included a mandatory five year jail sentence, and that the petitioner should expect to serve the entire sentence. He told the petitioner that he might be released earlier but that there was no guarantee that he would. Further, he indicated that he never specifically discussed SHR or any other program with the petitioner.
Neither the testimony of the petitioner nor that of Attorney Vasko relative to this advice was corroborated by other evidence. The petitioner introduced a letter, dated March 5, 1990, from Attorney Vasko to an Attorney DiBenedetto, who was then representing the petitioner on a habeas corpus application (Petitioner's Exhibit C). While this letter substantiates the fact that Attorney Vasko was unaware that P.A. 89-383, Section 13, made those convicted of Connecticut General Statutes Section 21a-278(b) ineligible for SHR, the letter does not corroborate the claim that he would only serve nine months in jail.
The burden of proving that Attorney Vasko's representation fell below an objective standard of reasonableness is on the petitioner, Johnson v. Commissioner, CT Page 8940218 Conn. 403 (1991), p. 425. The court finds that the petitioner has failed to meet this burden because he has failed to prove by a preponderance of the evidence his version of the advice given to him relative to his plea of guilty and that the advice given was deficient or incorrect. Attorney Vasko's version of these events appears both plausible and adequate.
Because both remaining counts of the petition rely on the establishment of this claim of inadequate advice, the petition is dismissed.
BY THE COURT, HON. SAMUEL J. SFERRAZZA SUPERIOR COURT JUDGE